IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MIA SCULLARK, ET AL.,                    )
                                         )
        Plaintiffs,                      )
                                         )
VS.                                      )        No. 13-2050-JDT-dkv
                                         )
HSBC MORTGAGE SERVICES, INC.,            )
ET AL.,                                  )
                                         )
        Defendants.                      )

_____

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

_____

Plaintiffs Mia Scullark and Katrina Pipes, residents of Memphis, Tennessee, filed a *pro se* civil complaint on January 25, 2013.  (Docket Entry 1.)  However, only Plaintiff Scullark filed a motion for leave to proceed *in forma pauperis*.  (D.E. 2.)  The case was referred to the assigned U.S. Magistrate Judge on March 27, 2013, for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.  (D.E. 3.)  On April 23, 2013, the Plaintiffs filed an Emergency Motion For Stay Of Foreclosure Sale.  (D.E. 4.)

On May 15, 2013, the Magistrate Judge issued an Order Granting Leave to Proceed *In Forma Pauperis* as to Plaintiff Scullark and a Report and Recommendation Of Dismissal

as to the entire complaint.  (D.E. 5.)  Objections to that report and recommendation were due within 14 days.  See Fed. R. Civ. P. 72(b)(2).  However, the Plaintiffs have filed no objections.

In this case, the standard form "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" is accompanied by a "Complaint to Quiet Title, for Damges, for Legal and Equitable Relief."  (D.E. 1-1.)  The action arises out of a foreclosure on certain real property in Memphis, and Plaintiffs purport to assert multiple causes of action against the Defendants under various federal and state statutes and under state common law.

The Magistrate Judge has recommended dismissal prior to service on the Defendants for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Specifically, the Magistrate Judge noted that the Plaintiffs had previously filed an action in the Shelby County Chancery Court arising out of the same circumstances and which had been dismissed for failure to state a claim on which relief may be granted.  Therefore, the Magistrate Judge determined that the present action is barred by res judicata.

Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation.  The Magistrate Judge has thoroughly explained her decision, and the issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this Court's jurisprudence.  Therefore, the Court ADOPTS the report and recommendation of the Magistrate Judge.  For the reasons set forth in that report and recommendation, this case is DISMISSED for failure to state a claim on which relief may

be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The emergency motion to stay the foreclosure is DENIED as moot.

The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if either or both Plaintiffs file a notice of appeal, they must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless specifically instructed to do so, Plaintiffs should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.

4